[No. B189590. Second Dist., Div. Three. July 27, 2007.]

SHERWOOD PARTNERS, INC., Plaintiff and Appellant, v.
EOP-MARINA BUSINESS CENTER, L.L.C., Defendant and Respondent.

**Counsel**

Snyder Miller & Orton and Luther Orton for Plaintiff and Appellant.

Allen Matkins Leck Gamble Mallory & Natsis, Charles N. Kenworthy, Michael S. Greger and Jeanne M. Jorgensen for Defendant and Respondent.

**Opinion**

**KITCHING, J.—**

## INTRODUCTION

Plaintiff and appellant, Sherwood Partners, Inc. (Sherwood), as an assignee for the benefit of the creditors of an insolvent entity called WhatsHotNow.com

(tenant), filed suit against tenant's landlord, defendant and respondent EOP-Marina Business Center, L.L.C. (EOP), for return of tenant's security deposit in the amount of $324,000. The trial court entered judgment in favor of Sherwood. EOP appealed. The Court of Appeal reversed and remanded the case, directing the trial court to enter judgment in favor of EOP, allowing it to retain the security deposit. (*Sherwood Partners, Inc. v. EOP-Marina Business Center* (July 8, 2005, B175899) [nonpub. opn.] (*Sherwood I*).)

On remand, the trial court granted EOP's motion for costs and attorney fees in the amount of $323,000 based upon an attorney fee provision in the written lease agreement between tenant and EOP. The trial court found that Sherwood and tenant were jointly and severally liable for the costs and attorney fees. Sherwood appeals the award of costs and attorney fees against it personally. Sherwood does not appeal the award of costs and attorney fees against tenant.

We reverse. As an assignee for the benefit of creditors, Sherwood did not assume the underlying liabilities of tenant. (*Credit Managers' Assn. v. Brubaker* (1991) 233 Cal.App.3d 1587, 1594–1595 [285 Cal.Rptr. 417] (*Brubaker*).) Thus, Sherwood cannot be personally liable for the award of attorney fees pursuant to the written lease between EOP and tenant. The procedure of an assignment for the benefit of creditors would be eviscerated if an assignee like Sherwood were required to assume the underlying liabilities of the assignor's insolvent business. (*Ibid.*)

We therefore remand the case to the trial court with direction to enter a new and different judgment stating that Sherwood, as assignee for the benefit of creditors, is not personally liable for the award of costs and attorney fees in favor of EOP.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Lease*

In March 1999, tenant entered into a commercial real estate lease with EOP as the landlord. Tenant paid $324,000 to EOP as a security deposit.

The lease contained an attorney fee provision: "If Landlord places the enforcement of this Lease, or any part thereof, or the collection of any Rent

due, or to become due hereunder, or recovery of possession of the Premises in the hands of an attorney, Tenant shall pay to Landlord, upon demand, Landlord's reasonable attorneys' fees and court costs, whether incurred without trial, at trial, appeal or review. In any action which Landlord or Tenant brings to enforce its respective rights hereunder, the unsuccessful party shall pay all costs incurred by the prevailing party including reasonable attorneys' fees, to be fixed by the court, and said costs and attorneys' fees shall be a part of the judgment in said action."

### 2. *Tenant Defaults*

Tenant defaulted under the lease by failing to pay rent and other charges. In June 2001, EOP served tenant with a three-day notice to pay rent or quit. Approximately one week later, tenant made a general assignment to Sherwood for the benefit of creditors.

The assignment agreement between tenant and Sherwood provided: "[Tenant] . . . does hereby grant, bargain, sell, assign, convey and transfer to [Sherwood], its successors and assigns, in trust, for the benefit of [tenant's] creditors generally, all of the property of [tenant] of every kind and nature . . . ."

In July 2001, Sherwood surrendered possession of the property to EOP. EOP withdrew approximately $323,000 in proceeds from tenant's security deposit to pay rent and other charges.

### 3. *Sherwood Files Suit for Return of Security Deposit*

In September 2002, Sherwood filed suit for return of the security deposit. Sherwood alleged that EOP violated section Civil Code section 1950.7 (section 1950.7), subdivision (c) by drawing upon the security deposit for reimbursement of unpaid rental obligations accruing after tenant's breach of the lease. Sherwood claimed that section 1950.7 required EOP to return the security deposit to tenant's estate.

### 4. *Trial Court Enters Judgment in Favor of Sherwood*

The trial court conducted a bench trial on stipulated facts. The court held that section 1950.7, subdivision (c), required EOP to refund a portion of the security deposit, minus an offset. The trial court entered judgment in favor of Sherwood, which EOP appealed.

### 5. *The Court of Appeal Reverses Judgment in Favor of Sherwood*

On appeal, in *Sherwood I, supra*, B175899, the Court of Appeal reversed the judgment in favor of Sherwood. The court concluded that in the lease agreement tenant waived protections set forth in section 1950.7, subdivision (c). This waiver authorized EOP to retain the security deposit and apply it against unpaid rental obligations.

### 6. *Trial Court Awards EOP Costs and Attorney Fees*

Upon remand, the trial court found that pursuant to the contractual attorney fee provision quoted above, tenant and Sherwood were jointly and severally liable to EOP for costs and attorney fees in the amount of $323,000. Sherwood timely filed a notice of appeal.

## ISSUE PRESENTED

The issue presented is whether Sherwood, as an assignee for the benefit of creditors, is personally liable for the award of costs and attorney fees to EOP based on the written attorney fee provision in the lease agreement between EOP and tenant.

## STANDARD OF REVIEW

We apply a de novo standard of review. (*California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc.* (2002) 96 Cal.App.4th 598, 604 [117 Cal.Rptr.2d 390] ["On appeal, this court reviews a determination of the legal basis for an award of attorney fees de novo as a question of law."].)

## DISCUSSION

Sherwood asserts that it did not assume tenant's liabilities under the written lease with EOP. We agree.

As summarized in Witkin, "[a]n assignment for benefit of creditors is a widely used method by which an insolvent debtor transfers his or her assets in trust to an assignee, who liquidates them and distributes the proceeds to the creditors." (1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 710, p. 795.) In *Credit Managers Assn. v. National Independent Business Alliance* (1984) 162 Cal.App.3d 1166 [209 Cal.Rptr. 119], the court explained: "An assignment for [the] benefit of creditors is a business liquidation device

available to an insolvent debtor as an alternative to formal bankruptcy proceedings." (*Id.* at p. 1169.)

In *Brubaker, supra*, 233 Cal.App.3d at page 1590, an insolvent partnership called NTS executed a general assignment for the benefit of creditors in favor of the Credit Managers' Association of California (CMA). CMA sued the former chief executive officer of NTS, Brubaker, to recover amounts NTS paid to Brubaker in preference over other unsecured creditors. Brubaker filed a cross-complaint against CMA. Brubaker alleged that CMA, as assignee of NTS, was liable for breach of contract for compensation that Brubaker would have earned on the remaining two years of his contract with NTS. Brubaker also sought compensation for work he performed for NTS after the assignment to CMA. (*Ibid.*) Following a court trial, the court awarded Brubaker $5,000 in quantum meruit, but denied his claim for contractual damages for the two years remaining on the employment contract with NTS.

On appeal, Brubaker asserted that he was entitled to damages for breach of his employment contract with NTS and that CMA was liable for those damages. The Court of Appeal rejected Brubaker's assertion, stating: "The trial court properly rejected this contention. The assignment to CMA did not include an assumption by CMA of the liabilities of NTS's contractual agreements. [¶] The assignment to CMA was not an assignment in connection with the purchase and sale of NTS as a going concern. It was an assignment for the benefit of creditors, pursuant to which CMA, as a disinterested third party, would liquidate and distribute the assets of NTS to creditors. The beneficial procedure of an assignment for [the] benefit of creditors would be impossible to use if the assignee had to assume the liabilities of the insolvent business. [Citations.]" (*Brubaker, supra*, 233 Cal.App.3d at pp. 1594–1595.)

The rationale of the *Brubaker* case is persuasive and applies in this case. Like *Brubaker*, tenant's assignment to Sherwood was not an assignment in connection with the purchase and sale of tenant as a going concern. It was an assignment for the benefit of creditors, pursuant to which Sherwood was required to liquidate tenant's assets for the benefit of its creditors. We find that the assignment did not include an assumption by Sherwood of tenant's underlying contractual liabilities, including the attorney fee provision in the written lease between EOP and tenant.

EOP argues that Sherwood should be personally liable because in *Sherwood I*, the Court of Appeal concluded that Sherwood was the real party in interest and because Sherwood initiated this lawsuit. We disagree.

As an assignee for the benefit of creditors, Sherwood had a duty to marshal and protect the assets of tenant, which may include filing and defending lawsuits. (See *Credit Managers Assn. v. National Independent Business Alliance, supra*, 162 Cal.App.3d at pp. 1170–1171.) To impose underlying contractual liabilities upon an assignee for the benefit of creditors because the assignee initiated litigation to protect an assignor's assets, would create a disincentive for such assignees to seek to protect an assignor's assets for the benefit of creditors.

In *Brubaker*, the assignee for the benefit of creditors, CMA, initiated the lawsuit against Brubaker for amounts paid to Brubaker. The court held, however, that plaintiff CMA, clearly the real party in interest, did not assume the contractual liabilities of the assignee, NTS. (*Brubaker, supra*, 233 Cal.App.3d. at p. 1594.) We therefore reject EOP's contention that because Sherwood was the real party in interest and initiated this lawsuit, it assumed tenant's underlying lease obligations.

EOP asserts that pursuant to *California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc., supra*, 96 Cal.App.4th 598, Sherwood, as an assignee, assumed tenant's contractual obligations, including the attorney fee provision. We reject this contention. *California Wholesale Material Supply* is inapposite to the issue presented in this case because it did not involve an assignment for the benefit of creditors. That case involved an assignment of a security interest in a construction subcontract and a right to account receivables. (*Id.* at pp. 601–602.) The court did not address whether an assignee for the benefit of creditors assumes the underlying lease obligations of the assignor.

EOP further asserts that Sherwood is personally liable for attorney fees because Sherwood initially sought to recover attorney fees pursuant to the written attorney fee provision in the lease between EOP and tenant after prevailing on the merits in the trial court. We disagree. The record shows that Sherwood sought to recover attorney fees for the benefit of tenant's creditors, not in its own right. Sherwood did not contend that it was entitled to an award of attorney fees as a party to the underlying lease between EOP and tenant. We conclude that Sherwood is not personally liable for attorney fees because it attempted to seek attorney fees on behalf of its assignor, tenant.

■ We conclude on this record that Sherwood, as an assignee for the benefit of creditors, did not assume the underlying contractual obligations in the written lease between tenant and EOP, and thus cannot be liable for attorney fees and costs pursuant to that lease.

## DISPOSITION

The order and judgment awarding EOP attorney fees and costs personally against Sherwood is reversed. The case is remanded to the trial court with instructions to enter a new and different judgment showing that Sherwood is not personally liable for costs and attorney fees awarded to EOP. Plaintiff Sherwood is awarded costs on appeal pursuant to rule 8.276 of the California Rules of Court.

Klein, P. J., and Aldrich, J., concurred.